FILED

Name: Ulysses D. Strong

Ulysses D. Strong
Prison Number
39187-018

FCC, P.O. Box 1032
Coleman, Florida 33521
Address or Place of Confinement

Note: If represented by an attorney, write attorney's name, address & telephone number

# United States District Court

Middle District
Ocala Florida

---

Ulysses David Strong
Full Name (First, Middle, Last)

Petitioner,

vs.

Paige Augustine, Deputy Warden
Name of Warden
(or other authorized person having custody of petitioner)

Respondent.

CASE NO. 5:06-cv-212-Oc-10GRJ
(to be supplied by the Clerk of the
United States District Court)

PETITION FOR
WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241
BY A PERSON IN FEDERAL CUSTODY

---

PLEASE COMPLETE THE FOLLOWING (check the appropriate number):

This petition concerns:

1. _____ a conviction
2. _____ a sentence
3. _____ jail or prison conditions
4. _____ prison discipline
5. _____ a parole problem
6. _xx_____ other

CAUTION: If you are attacking a federal conviction, sentence or judgment, you must first file a direct appeal or motion under 28 U.S.C. § 2255 in the federal court which entered judgment.

---

# PETITION

(1) Place of detention: __FCC, Coleman, Med__

(2) Name and location of court which imposed sentence: __Middle District of Tampa Florida__

(3) Offense(s) and indictment number(s) (if known) for the sentence imposed:
__Armed Bank Robbery Number 8:00-CR-188-T-17 MAP__

(4) The date upon which sentence was imposed and the terms of the sentence:
__February 9, 2001. Term of sentence, 121 months, 10 years, one months.__
__Expirattion date of full sentence, June 20, 2010.__

(5) What was your plea (check one):   Not guilty ( )   Guilty (X)   Nolo contendere ( )

(6) Kind of trial (check one):   Jury ( )   Judge only (X)

(7) Did you appeal from the judgment of conviction or the imposition of sentence:   Yes ( )   No (X)

(8) If you did appeal, answer the following for *each* appeal:

FIRST APPEAL:
Name of court:_____
Grounds raised (list each):
  1) _____
  2) _____

Result/Date of result:_____

SECOND APPEAL:
Name of court:_____
Grounds raised (list each):
  1) _____
  2) _____
Result/Date of result:_____

## GROUNDS FOR THIS 28 U.S.C. § 2241 PETITION

(9) State *CONCISELY* every ground on which you claim that your sentence is being executed in an illegal manner. Summarize *briefly* the *facts* supporting each ground. If necessary attach additional pages behind this page.

CAUTION:  If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

---

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY

Page 2 of 5

## Sumarize of Facts

I Ulysses D. Strong, contend that prior custody JAIL TIME CREDIT from May 24, 2000 to February 9, 2001. A total of 261 days. Or converted into months, would be 8 months, has not been applied toward, a deduction from my sentence.

Federal Bureau of Prisons records indicate a deduction of 366 days, one year, one day, for good conduct credit, from date of imposition of sentence, February 9, 2001 from full expiration date of sentence June 20, 2010. This good conduct credit deduction reduced my sentence by one year, and one day. Now giving me a release date of June 19, 2009. This date would requirer me to serve 109 months of a 121 months sentence.

Bureau of Prisons somehow failed to deduct 261 days, which is a total of 8 months, prior custody credit. Now, subtract, 8 months, from 109 months, is 101 months left to serve on 121 months.

Or subtract total of 20 months, from 121 months, equal 101 months to serve.
Using, this true and correct computation of sentencing information. My correct release date would be near or on November 19, 2008.

Please See: Bureau of Prisons response dated, May 24, 2006. Mr. Harrell Watts, said that if my prior custody credit of 261 days were not applied, my full term would be March 8, 2011. That would be a 129 months sentence. I received a 121 months sentence.

| | | |
|---|---|---|
| Full expiration date of sentence | 121 months | June 20, 2010 |
| Subtract, good conduct credit, 366 days | -12 months | |
| Total ......................... | 109 months | June 19, 2009 |
| Subtract, prior custody time, 261 days | - 8 months | |
| Total time to serve | 101 months | November 19, 2008 |

Or, subtract 7 months, from 108 months, equal=101 months.

Let, the honorable court, I pray, acknowledge the fact, that the petitioner is a layman in legal matters. Therefor, I pray, that the court omit, my previous incorrect conclusion, that my release date would be September 30, 2008.
The correct release date would be near or on November 19, 2008.

## Relief Sought

After court review petitoner cause.... And if the court find favor in my claim, that I was in fact denied, prior custody time already served, of 261 days, for county jail time. The defendant request that the court order Bureau of Prisons to grant such prior time served in the county jail of 8 months. Correcting my release date, to show a date on or around November 19th, 2008.

GROUND ONE **Bureau of Prisons didn't apply Prior Custody Credit of 261 days, (JAIL TIME CREDIT).**

Supporting *FACTS* for *GROUND ONE* (tell your story *BRIEFLY* without citing cases or law).

CAUTION: You must state *facts, not conclusions*, in support of your grounds. A rule of thumb to follow is -- who did exactly what to violate your rights at what time or place.

BUREAU OF PRISONS, has not applied my prior custody credit, from date of arrest, May 24, 2000 to February 9, 2001, date of sentencing, a total time served in county jail of 261 days, a total of 8 months. With this added 8 months prior time served, and 366 days good conduct time, A total deduction of 20 months, from 121 months. Equal 101 months to serve. Release date 11-19-08

GROUND TWO _____

Supporting *FACTS* for *GROUND TWO* (tell your story *BRIEFLY* without citing cases or law).

## ADMINISTRATIVE APPEALS

(10) Have you presented the claims raised in Question #9 of this petition to prison officials in a prison administrations appeal?

Yes (X)   No ( )   If your answer is no, explain why not: _____

If your answer is yes, answer the following for *each* administrative appeal:

FIRST ADMINISTRATIVE APPEAL   Level of appeal: **Records, Dept. FCC Coleman**
Grounds raised (list each):
1) **Jail Time Credit 261 days, not awarded.**
2) **Denied, July 20 2005.**
Result/Date of result: _____

SECOND ADMINISTRATIVE APPEAL   Level of appeal: **BP-9 to Deputy, Warden**
Grounds raised (list each):
1) **Jail Time Credit, 261 days not awarded. Ask for correction.**
2) .
Result/Date of result **Denied, August 26, 2005**

THIRD ADMINISTRATIVE APPEAL   Level of appeal: Regional Administrative
Grounds raised (list each):
1) Request computation error 261 days be deducted. Sentence corrected.
2) _____
Result/Date of result: Denied, October 2, 2005

FOURTH ADMINISTRATIVE APPEAL   Level of appeal: Central Office Administrative
Grounds raised (list each):
1) Request, jail time credit be deducted from sentence. 261 days.
2) _____
Result/Date of result: Denied, May 24, 2006

(11) Is the grievance process completed?   Yes (X)   No ( )

## PREVIOUS PETITIONS

(12) Have you filed previous petitions for habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2255, or any other applications, petitions or motions with respect to the claims raised in Question #9 of this petition?

Yes ( )   No (X)

(13) If your answer to Question #13 was yes, give the following information for *each* previous petition:

FIRST PREVIOUS PETITION
Name of court: _____
Nature of proceeding: _____
Grounds raised (list each):
1) _____
2) _____
Result/Date of result: _____

SECOND PREVIOUS PETITION
Name of court: _____
Nature of proceeding: _____
Grounds raised (list each):
1) _____
2) _____
Result/Date of result: _____

(14) If the claims raised in Question #9 of this petition concern your conviction or sentence, explain why you are filing your petition pursuant to § 2241 instead of § 2255.

_____
_____
_____
_____
_____

(15) Are you presently represented by counsel?

Yes ( )        No (X)

If so, provide your attorney's name, address, and telephone number:
_____
_____

(16) If you are seeking leave to proceed *in forma pauperis*, have you completed the application setting forth the required information?

Yes (X)        No ( )

Note: If your answer is no, you must send a $5.00 filing fee to the court with your petition.

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

June 19, 2006                    Ulysses R. Strong
(Date)                           (Signature of Petitioner)


_____
(Signature of Attorney, if any)

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY

COC 1331.13.A
April 1, 1996
Attachment A

## INFORMAL RESOLUTION FORM

NOTICE TO INMATE: Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9.

********************************************************************

INSTRUCTIONS: Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

STRONG, Ulysses __ 39187-018 __ 45 C-1 __ 7-29-05
Inmate Name __ Register No. __ Qtrs./Unit __ Date Initiated

1. Specific complaint (one 8 ½" x 11" continuation page may be attached):
My release computation date is incorrect, I have not been Awarded all Good Time, or Jail time Credit. My release date, should be (September 30th, 2008) Not (6-19-09).

2. What efforts have been made by the inmate to resolve the complaint informally? To whom has the inmate spoken?
I provided this information to Record, July 20th, 2005

3. What action does the inmate wish to be taken to correct the issue?
To be Awarded All (261) Days Jail Time Credit....

Correctional Counselor's Comments (including actual steps taken to resolve):

See The Attached Copeout from Records.

V. Bat __ 7/27/05
Correctional Counselor __ Date

Staff Circle One:
Informally Resolved  (Not Informally Resolved)

Unit Manager's Review

_____ _____
Unit Manager __ Date

Distribution by Correctional Counselor:

1. If complaint is informally resolved, forward original to Administrative Remedy Clerk for filing.

2. If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

|  | BP-8 Issued to Inmate | BP-8 Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin. Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 7-27-05 | 7/27/05 | 7/27/05 |  |  |
| Time: | 2:45PM | 3:00PM | 3:25P |  |  |
| Counselor: | V. Bat | V. Bat | VB |  |  |

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) RECORDS<br>Ms. McGILL | DATE:<br>JULY 20th, 2005 |
|---|---|
| FROM: Ulysses Strong | REGISTER NO.:<br>39187-018 |
| WORK ASSIGNMENT:<br>**UNIT ORDERLY** | UNIT:<br>M C-1 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

MY RELEASE DATE IS INCORRECT. YOUR RECORDS
STATES, MY RELEASE ON JUNE 26th, 2009. WHICH
IS INCORRECT COMPUTATION OF MY RELEASE DATE.


THE CORRECT DATE FOR MY RELEASE IS (SEPTEMBER 30th, 2008).


(Do not write below this line)

DISPOSITION:

A review of your file reveals your computation was computed in accordance with Bureau of Prisons Policy and Procedure. You are serving a 121 month sentence (10 yrs & 1 month). You are currently in GED UNSAT and earning 42 days per yr. GCT, which is a total of 366 days total to be earned. You earned 261 days prior credit time (totaling 8 mos & 18 days). Your current release date is 6-19-2009, and is correct.

Signature Staff Member                    Date 7-20-05

Record Copy - File; Copy - Inmate
This form may be replicated via WP          This form replaces BP-148.070 dated Oct 86
                                            and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER          **SECTION 6**

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Strong Ulysses D.__                __39187-018__        __C-1__        __Coleman, Med__
    LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.              UNIT           INSTITUTION

**Part A- INMATE REQUEST**

My release date computation is incorrect.
Records, has me serving, 118 months, on a
121 month sentence.
I should only be serving, 100 months, and
12 days.
Records, show my release date on June 19,
2009.
Correct release date should be September
30th, 2008.
Please correct the error.

*Copy*

__August 1st, 2005__                                    __/s/ Ulysses D. Strong__
         DATE                                             SIGNATURE OF REQUESTER

**Part B- RESPONSE**




_____                    _____
         DATE                                  WARDEN OR REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                          CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                                    CASE NUMBER: _____
**Part C- RECEIPT**

Return to: _____

CASE NUMBER: 384492-F1

This in response to your Request for Administrative Remedy received on August 4, 2005, in which you state the Records Staff have incorrectly computed your sentence and your release date should be on or about September 30, 2008 instead of June 19, 2009. You are requesting this computation error be rectified.

A review of this matter reveals that you were sentenced on February 9, 2001, to 121 months. You have received credit for 261 days of prior custody credit and can possibly be awarded 366 days of Good Conduct Time (GCT). You are currently earning 42 days of GCT instead of the maximum of 54 days per year, due to your withdrawal from the GED program in March 2002. In addition, on October 3, 2002, you were found guilty of Possessing Intoxicants and sanctioned to a disallowance of 27 days GCT. The amount of GCT earned and projected to earn have an impact on your overall release date.

Due to the above information, your sentence has been computed correctly in accordance with Bureau of Prisons policy and procedures.

Therefore, your request for Administrative Remedy is denied.

If you are dissatisfied with this response, you may appeal by filing a BP-10 to the BUREAU OF PRISONS, SOUTHEAST REGIONAL OFFICE, ATTN.: REGIONAL DIRECTOR, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, GA 30331-6226, within 20 calendar days from the date of this response.

_____         8/26/05
Paige Augustine, Deputy Warden          Date

U.S. Department of Justice

Federal Bureau of Prisons

Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Strong Ulysses D__ __39187-018__ __C-1__ __Coleman-Med__
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

Part A—REASON FOR APPEAL

My release date computation is incorrectly computed. BOP records has my release date as being on June 19th, 2009. Mistakenly, BOP computed my date from the date of sentencing... February 9th, 2001. My release date should have been computed from date of my arrest... May 24th, 2000. Because of this error, I will serve ( 9 1/2 years ) on a 10 years, 1 month sentence. 95 % of my sentence, instead of the required 85 % to serve on a federal sentence, as mandated by BOP's policy. My release date should be on or about September 30th, 2008. After, calculating in 261 days jail time credit. Which has not been calculated into my sentence.

September 5th, 2005
DATE                                        SIGNATURE OF REQUESTER

Part B—RESPONSE

_____                              _____
DATE                                         REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                   CASE NUMBER: _____

Part C—RECEIPT
                                             CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____                              _____
DATE                                         SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

Regional Administrative Remedy Appeal No. 384492-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted September 20, 2005. You state your sentence computation is incorrect. It is your contention you are being required to serve 95% of your sentence when you should only serve 85% of the sentence. You also contend credit from May 24, 2000, February 9, 2001, a total of 261 days has not been applied toward the sentence. It is your request the sentence computation be adjusted to reflect a release date on or about September 30, 2008.

Records indicate you were arrested on May 24, 2000, and remained in custody. On February 9, 2001, you were sentenced in the Middle District of Florida to a term of 121 months for Armed Bank Robbery. Your sentence has been computed as commencing on the date of imposition, February 9, 2001, and you have been awarded presentence custody credit from May 24, 2000, a total of 261 days. Your projected release date is June 19, 2009, requiring you to serve 108 months and 27 days which is approximately 89% of the total sentence. This percentage also includes a 27 day disallowance of good conduct time.

Title 18 U.S.C. §3624(b) states, "A prisoner who is serving a term of imprisonment of more than one year, other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." Good conduct time is awarded based on time actually served toward a sentence, not the total sentence. You may earn 54 days per year for each year served until there is less than a year remaining to serve. The final award of good conduct time will be prorated based on the time required to serve on the partial year. There is no statutory or other provision to award good conduct time based on the total sentence or which mandates a prisoner is only required to serve 85% of a federal sentence. Your federal sentence has been accurately computed with the appropriate deductions for presentence custody credit and good conduct time.

Your Regional Administrative Remedy Appeal is denied. If dissatisfied with this response, you may appeal to the Office of General Counsel, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 calendar days of the date of this response.

10-7-05
Date

Regional Director, SERO

Duplicate copy furnished to inmate Strong on 8/17/06. [signature]

```
ULYSSES STRONG, 39187-018
COLEMAN MED FCI    UNT: C 1-2    QTR: C01-021U
P.O. BOX 1022
COLEMAN,  FL 33521
```

DEPUTY WARDEN'S OFFICE
FCC COLEMAN MEDIUM
2006 JUN -8 PM 1:14

I received response
June 15, 2006
8:00 pm, Ulysses W Strong

U.S. Department of Justice                                                           Central Office Administrative Remedy Appeal
Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __Strong, Ulysses D.__    __39187-018__    __C-1__    __Coleman FCC Med__
         LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT         INSTITUTION

Part A – REASON FOR APPEAL

BOP has not awarded me JAIL TIME CREDIT 261 days. BOP only deducted 366 days GOOD TIME CREDIT of 1 year and a day. BOP should have also deducted 261 days JAIL TIME CREDIT of                          261 days and GOOD TIME CREDIT 627 days total. This total deduction of 627 days, will reduce my sentence from 121 months to serve, to only 100 months and 12 days to serve.

WITH THIS CORRECT CALULATION, MY RELEASE DATE IS September 30, 2008....

__Februay 13, 2006__                                    __Ulysses D. Strong__
         DATE                                                  SIGNATURE OF REQUESTER

Part B – RESPONSE

[RECEIVED MAR 28 2006 Administrative Remedy Section]    [RECEIVED FEB 22 2006 Administrative Remedy Section]

_____                                     GENERAL COUNSEL
         DATE                                           CASE NUMBER: __384492-A__

ORIGINAL: RETURN TO INMATE

Part C – RECEIPT
                                                        CASE NUMBER: _____

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____              _____
         DATE                    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL        BP-231(13)
                                                                                         APRIL 1982

**Administrative Remedy No. 384492-A2**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal in which you contend your sentence computation is incorrect. You state your current projected satisfaction date does not reflect prior custody credit of 261 days. You request your computation be adjusted to show a release date of September 30, 2008.

We have reviewed the attachment to your appeal which shows how you arrived at the requested release date of September 30, 2008. Specifically, you subtracted 366 days of Good Conduct Time and 261 days of prior custody credit from your full term date of June 20, 2010. Our review reveals this is incorrect as the full term expiration date of June 20, 2010, already reflects the award of 261 days prior custody credit. If the prior custody credit was not applied, your full term date would be March 8, 2011. In light of the above, we concur with the previous findings that your sentence has been computed as directed by federal statute and Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u>.

Accordingly, your appeal is denied.

May 24, 2006
Date

Harrell Watts, Administrator
National Inmate Appeals